IN THE MATTER OF K, AN ATTORNEY-AT-LAW OF NEW JERSEY.

Argued April 1, 1957—Decided May 6, 1957.

*Mr. Frederick C. Vonhof* argued in support of the order to show cause.

*Mr. Paul DeHagara* argued for respondent in opposition to the order to show cause.

The opinion of the court was delivered by

WEINTRAUB, J.   The Essex County Ethics and Grievance Committee filed a presentment against respondent on a charge arising out of a matrimonial situation.

On November 29, 1955, Mrs. F. retained respondent to institute a divorce action for an agreed fee of $300, payable in installments of $100 each upon the date mentioned, on December 6, 1955, and upon receipt of the final judgment. She paid the first two installments and on the date of the second payment executed her affidavit annexed to the complaint.   Respondent promptly mailed the suit papers to the clerk's office for filing, together with the required fee.

The complaint was returned for want of the respondent's affidavit as to his client's residence required by *R. R.* 4:95–1. He did nothing further to pursue his client's cause, and was relieved in late June or early July 1956 by another attorney who successfully prosecuted a divorce action.

Respondent's explanation of his failure to act is that he thought his client's affidavit was stale and required re-execution; that he sought a solution which would spare him the embarrassment of disclosing his error to his client; and that while he was pondering for a suitable approach, he began to receive telephone calls from the husband as to the

progress of the matter, which calls gave him some concern as to the possibility of collusion between the parties, thus inducing greater pause. Ultimately, respondent's difficulty seems traceable to his practice of law as a side line while being engaged in a full-time occupation in industry.

If no more than neglect or ineptness appeared, discipline would be inappropriate. But there was more. Knowing his client understood that the action was actually pending, he encouraged her in that belief by assurances that the case would shortly be reached for trial. Misrepresentations as to the pendency of proceedings breach the attorney's duty of faithful and loyal service and may warrant discipline. *Canon No.* 15 of the *Canons of Professional Ethics.*

The amount of discipline must reflect the facts of the case. We are satisfied that the retainer was sought and accepted with the honest purpose of pursuing the engagement and that respondent sought no monetary or other personal advantage at his client's expense. No appreciable prejudice in fact resulted, and the retainer was returned. Inexperience and some personal problems of respondent are part of the setting.

Under all the circumstances, we are of the view that respondent should be reprimanded and an order accordingly will be entered.

VANDERBILT, C. J. (dissenting). The respondent has for a considerable time been employed regularly in a brewery. Prior to that he was for several years a court constable. His practice of law was only incidental to these other occupations.

The affidavit filed by the respondent indicates that he was mentally disturbed by the disparagement of him by his client and so uncertain of himself that he feared to act.

In this state of affairs could it possibly be said that he is in fit condition to practice law and to serve his clients? With all good will to the respondent, do we not owe an obligation to the profession and to the public to suspend him until he can show that he is able to cope with his

responsibilities as a lawyer? In similar cases attorneys have agreed not to practice law until they can prove their fitness.

Admission to the bar constitutes a certification that in our opinion the applicant has the character and the competency to practice law.

*For reprimand*—Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and WEINTRAUB—6.

*For suspension*—Chief Justice VANDERBILT—1.